Filed
D.C. Superior Court
06/09/2015 13:85PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (CIVIL DIVISION)

D.C. WINGS LLC,  )
204 Michigan Ave, NE  )
Washington, DC 20017  )
)
    Plaintiff,  )
) Civ. Action No.: 2015 CA 004062 B
v.  )
)
STATE FARM FIRE AND CASUALTY  )
COMPANY,  )
1500 State Farm Blvd.  )
Charlottesville, VA 22909  )
)
    Defendant.  )

## COMPLAINT

For its Complaint against Defendant, Plaintiff D.C. Wings LLC alleges as follows, based on personal knowledge as to its own activities, and upon information and belief as to the activities of Defendant:

### PRELIMINARY STATEMENT

1.  This is an insurance coverage dispute. Plaintiff was a chicken wings restaurant located in the Northeast quadrant of Washington, DC. It had a "Food Shop Policy" with Defendant which provided coverage for, among other things, property damage to the restaurant. In this action Plaintiff alleges that Defendant acted in bad faith and breached the insurance contract when it failed to timely or reasonably investigate Plaintiffs' claim for property damage, failed to pay for covered damage and unreasonably interfered with and dictated the outcome of the policy's appraisal procedure.



DEFENDANT'S EXHIBIT A

2. In addition to its claim for property damages covered by the contract, Plaintiff seeks all damages reasonable related to and proximity caused by Defendant's breach of the contract including lost revenues, damages related to closing the business and all attorneys' fees and expenses that Plaintiff has been forced to incur needlessly fighting with Defendant over coverage.

## JURISDICTION

3. This court has original jurisdiction over this matter pursuant to D.C. Code § 11-921.

## THE PARTIES

4. Plaintiff DC Wings LLC was a restaurant located at 204 Michigan Ave NE in Washington, DC. The business is now closed.

5. Defendant State Farm Fire and Casualty Company is an insurance company purporting to have an office at 1500 State Farm Blvd in Charlottesville, VA.

## FACTUAL ALLEGATIONS

6. In late February or early March 2014, following a series of large snowstorms in the area, Plaintiff suffered significant water damage to the restaurant. The water came in through the ceiling and damaged not only significant portions of the ceiling of the restaurant but also the restaurant's back office and bathroom, much of the wall on the right side of the restaurant, and portions of the floor. The water also damaged computer equipment and other property inside the restaurant.

7. On March 4, 2014, Defendant was notified of Plaintiff's claim. In the claim Plaintiff stated:

>  Apparently the[re] is some flooding from above at the store.

2

> It is coming through the pipes (maybe a small pipe burst from the cold). Possibly the roof also (maybe the snow and ice accumulation).
>
> It has done significant damage to the back of the store.

The claim was never for, or limited to, damage caused by a leaking condensation line as Defendant has subsequently contended.

8. Defendant assigned the claim number 09-4B57-373. It took about three weeks for Defendant to finally assign an adjuster to the claim, Ms. Kairene Perry.

9. On March 28, 2014, nearly a month after Plaintiff filed the claim, Defendant's adjuster finally made a site visit and inspected the damage. Given that the restaurant served food and was subject to the District's health code, during the preceding month while awaiting the inspection, Plaintiff did its best to address the leaking and took steps to clean and mitigate the damages. However, during this time Plaintiff continued to suffer damage to the restaurant.

10. On May 1, 2014, nearly three months after the incident that damaged the restaurant and two months after the inspection, Defendant sent Plaintiff a preliminary estimate of its evaluation of the damage. Defendant acknowledged that a covered event had occurred and that it had liability under the policy. However, Defendant inexplicably -- and without explanation -- limited its coverage primarily to a small portion of the damaged ceiling of the restaurant and estimated the damages would be approximately $6,300.

11. It appeared from the estimate that Defendant inexplicably failed to evaluate, inspect or even consider any of the other significant damage that had occurred to restaurant. Thus, in response to this initial estimate, on May 6, 2014, Plaintiff's counsel wrote Defendant a letter stating:

> We believe that the estimate improperly fails to include significant

3

damage to the restaurant, including in particular the damage to the right side wall and floor of the kitchen along with damaged walls and floors in the office and bathroom. We are having great difficulty understanding how the policy could possibly cover damage to the ceiling but not also the other damage to the restaurant.

12. Just two days later, on May 8, 2014, Defendant sent Plaintiff a check for $2,269.64 along with a Summary for Coverage A - Dwelling - 37 Water Damage and Freezing. The summary of coverage was consistent with the estimate previously provided to Plaintiff and limited the coverage to the damaged ceiling. Defendant apparently failed to consider, and certainly did not respond to, the concerns in Plaintiff's May 6, 2014 e-mail.

13. For the reasons stated in its May 6th letter, Plaintiff did not -- and does not -- agree with Defendant's evaluation and valuation of Plaintiff's claim. On July 14, 2014, Plaintiff invoked its appraisal rights under the policy.

14. However, Ms. Perry on at least three different occasions inappropriately and unreasonably interfered with the appraisal process thereby dictating a result favorable to the insurance company.

15. The appraisal was initially scheduled for Friday August 30, 2014. The appraisers designated by each party -- which neither side objected to -- were scheduled to inspect the property on that date. However, Ms. Perry -- who should not have been at the appraisal at all -- showed up unannounced and interfered with and stopped the appraisal from occurring. Ms. Perry's appearance at and disruption of the appraisal was a bad faith action that violated the policy.

16. Despite Ms. Perry's misconduct, in a good faith effort to resolve the matter, Plaintiff agreed to reschedule the appraisal. However, Ms. Perry again inappropriately and in

4

violation of the contract interfered with the second scheduled appraisal. This time -- Plaintiff only subsequently learned -- Ms. Perry inexplicably instructed the appraiser chosen and hired by State Farm to limit his appraisal to damage caused by a "leaking condensation line" even though Plaintiff's claim was never so limited. By doing so she essentially dictated a result that was favorable to State Farm. In fact, had Plaintiff known that Defendant was going to so limit the appraisal, Plaintiff never would have even agreed to the appraisal. The whole point of the appraisal was to resolve the dispute between the parties concerning the scope of coverage.

16.  As a result of Ms. Perry's improper instruction, State Farm's appraiser did not review all of the damage to the restaurant and instead only looked at the same limited damage that State Farm had approved coverage for. Given his instruction to limit his inspection to the same limited area that State Farm provided coverage for, State Farm's appraiser unsurprisingly estimated the damage to be very similar to that previously determined by State Farm.

17.  Because of Ms. Perry's improper interference with the appraisal process, the parties' appraisers were not surprisingly unable to come to an agreement as to the covered damage to the property. The appraiser chosen by Plaintiff found that coverage extended to the restaurant far beyond the coverage provided by State Farm. So, pursuant to the policy's appraisal procedure, the parties agreed to take the issue up with an umpire, and the parties retained Construction Dispute Resolution Services, LLC to umpire the dispute.

18.  However, Ms. Perry again in bad faith and in violation of the policy interfered with the umpiring process ensuring a result favorable to State Farm. This time, in an e-mail to the umpire, Ms. Perry improperly instructed the umpire to only address "the resulting damage from a leaking condensation line" even though Plaintiff's claim was never limited to damage from a leaking condensation line.

5

19. As a result of Ms. Perry's improper interference in the umpiring process, the umpire improperly and incorrectly limited his ruling to: "the amount of monies to be paid by State Farm Insurance to DC Wings related to water damage from condensation only at DC Wings' location." The umpire was wrong to limit his ruling to that issue, but given the improper instruction he received from State Farm, the umpire unsurprisingly ruled in Defendant's favor. In short, Defendant illegally rigged the policy's appraisal process to ensure that the outcome would be favorable to it. In so doing, State Farm acted in bad faith and violated the policy.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

20. Plaintiff incorporates, as though restated here, each of the factual allegations stated in paragraphs 1 through 19 above.

21. As detailed above, Plaintiff had an insurance policy with Defendant.

22. Plaintiff made a claim for water damage to its restaurant for water coming through the ceiling either through the pipes or through the roof. The water damage was significant and damaged a large part of the restaurant.

23. Defendant violated the policy and acted in bad faith when it failed to timely address Plaintiff's claims and failed to evaluate the entirety of Plaintiff's claim, and instead limited the claim to water damage caused by a leaking condensation line.

24. Defendant also intentionally and in bad faith interfered with the policy's appraisal and umpiring process, rigging those procedures to ensure that Plaintiff's recovery would improperly be limited to damage caused by a leaking condensation line.

25. Defendant violated to duty of good faith and fair dealing inherent in every contract.

6

26.     As a direct and proximate result of Defendant's breach of contract and bad faith misconduct, Plaintiff has been seriously injured. Not only did it not receive compensation for the significant property damage it suffered, it also lost business and was eventually forced to close the restaurant.

NOW WHEREFORE Plaintiff prays this court for the following relief:

1.  An award of compensatory damages in an amount to be determined by a jury at trial but in an amount of at least $100,000;

2.  An award of punitive damages in an amount to be determined by a jury;

3.  An award to Plaintiff of reasonable attorneys' fees and costs; and

4.  All other relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 3, 2015

Respectfully Submitted,

PCT LAW GROUP LLC

By: _____
Steven Barentzen (DC Bar No. 489355)
910 17th Street, NW, Suite 800
Washington, DC 20005
Tel.: (202) 289-4333
Fax: (202) 280-1393
sbarentzen@pctlg.com

*Attorney for Plaintiff*

7



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

DC Wings LLC
_____
Plaintiff

vs.

State Farm Fire & Casualty Co.
_____
Defendant

Case Number  2015 CA 004062 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Steven Barentzen
Name of Plaintiff's Attorney

910 17th St, Suite 800
Address
Washington DC 20007

202-289-4333
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  06/03/2015

如需翻译, 请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                Demandante
        contra
                                                Número de Caso: _____
_____
                Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____        *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                        Por: _____
_____                    Subsecretario
Dirección

                                        Fecha _____
_____
Teléfono
중요: 전화 연락 번호 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.      ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

D.C. Wings LLC                               Case Number: 2015 CA 004062 B

vs                                           Date: June 3, 2015

State Farm Fire & Casualty Co.               ☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) | Relationship to Lawsuit |
|---|---|
| Steven Barentzen | ☒ Attorney for Plaintiff |
| Firm Name: PCT Law Group | ☐ Self (Pro Se) |
| Telephone No.: 202-285-9337  Six digit Unified Bar No.: 489355 | ☐ Other: |

TYPE OF CASE: ☐ Non-Jury  ☒ 6 Person Jury  ☐ 12 Person Jury
Demand: $ 100,000                               Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____  Judge:_____  Calendar #:_____
Case No.:_____  Judge:_____  Calendar #:_____

NATURE OF SUIT: (Check One Box Only)

### A. CONTRACTS                                              COLLECTION CASES

☒ 01 Breach of Contract        ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees    ☐ 13 Employment Discrimination ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

### B. PROPERTY TORTS

☐ 01 Automobile                ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process          ☐ 09 Harassment                 ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference   ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal          ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
                                    Not Malpractice)            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

## Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**D.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_/s/ [signature]_        6/3/15

Attorney's Signature        Date

CV-496/Oct. 14



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

D.C. WINGS LLC
Vs.                                         C.A. No.    2015 CA 004062 B
STATE FARM FIRE AND CASUALTY COMPANY
<u>**INITIAL ORDER AND ADDENDUM**</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients <u>prior</u> to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STUART G NASH
Date: June 5, 2015
Initial Conference: 9:30 am, Friday, September 04, 2015
Location: Courtroom 200
    500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| **D.C. WINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>Defendant. | 2015 CA 004062 B<br>Stuart G. Nash<br>Next Event: Initial Scheduling Conference 9/4/2015 at 9:30 a.m.<br><br>eFiled Case. |

**DEFENDANT STATE FARM'S NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

The Defendant, State Farm Fire and Casualty Company, by and through its undersigned counsel, hereby files this Notice of Removal from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. A Notice of Removal has been filed with the United States District Court and is attached hereto as Exhibit A.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

/s/
Laura Basem Jacobs #449802
7315 Wisconsin Avenue, Suite 500W
Bethesda, Maryland 20814
(301) 654-0896 telephone
(301) 907-9591 facsimile
*Attorneys for Defendant State Farm*


DEFENDANT'S EXHIBIT B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2015 a copy of the foregoing Notice of Removal to the United States District Court for the District of Columbia was mailed first-class, postage prepaid to:

Steven K. Barentzen, Esq.
PCT Law Group LLC
910 17th Street, NW, Suite 800
Washington, DC  20005
*Attorneys for Plaintiff*

/s/
Laura Basem Jacobs

J:\CLIENTS\State Farm\DC Wings\Pleadings\Notice of Removal to U.S. District Court (07-13-2015).wpd

2